Filed 10/26/21  P. v. McClelland CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SEAN MCCLELLAND,<br><br>     Defendant and Appellant. | B312254<br><br>Los Angeles County<br>Super. Ct. No. PA086676 |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 2018, defendant Sean McClelland pled no contest to kidnapping, threatening, and attempting to murder his parents. As part of the plea agreement, he agreed to waive all presentence custody credits. In 2021, defendant filed a motion asserting he was entitled to presentence custody credit for time he had spent confined to a state hospital. The trial court denied the motion, and defendant appeals. We affirm.

## BACKGROUND[1]

By felony complaint filed July 6, 2016, defendant was charged with two counts of kidnapping (Pen. Code,[2] § 207, subd. (a); counts 1–2); one count of attempted murder (§ 664/187, subd. (a); count 3); two counts of criminal threats (§ 422, subd. (a); counts 4–5); and one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 6). As to counts 1–5, the information alleged defendant personally used a machete in the commission of the offense (§ 12022, subd. (b)(1)). The information also alleged defendant had previously been convicted of a strike offense (§§ 667, subd. (d), 1170.12, subd. (b)).

On January 24, 2018, pursuant to a negotiated plea agreement, defendant pled no contest to counts 2 and 3, admitted the deadly-weapon allegation for count 2, and admitted the strike prior. During the plea colloquy, the following exchange occurred:

---

[1] Because the facts underlying defendant's convictions are irrelevant to this appeal, we do not address them.

[2] All undesignated statutory references are to the Penal Code.

2

Court:        This deal also, sir, contemplated that you waive all custody back time. What that means is I'm going to sentence you here today to 13 years, 8 months. And once you go into those—behind that door and start serving your sentence, you'll start accruing custody today. But as of the time I sentence you, you will have zero custody credits against the 13 years, 8 months. Do you understand and agree to that, sir?

Defendant: Yes.

Court:        And do you waive all back time custody credits to this date?

Defendant: Yes.

The court sentenced defendant to the agreed-upon aggregate term of 13 years, 8 months in state prison. The court selected count 3 as the base term and imposed 10 years—the low term of five years, doubled for the prior strike. The court imposed 3 years, 8 months for count 2—one-third the mid-term of five years, doubled for the prior strike, plus one-third of the one-year enhancement. The court did not award any pretrial custody credit. Finally, the court dismissed the remaining counts and allegations.

On April 9, 2021, defendant filed a motion for presentence custody and conduct credits under sections 2900.5 and 4019. The court denied the motion by written order.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him.

On August 24, 2021, appointed counsel filed a brief in which he raised no issues and asked us to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. We notified defendant that his attorney had filed a brief that raised no issues and that he could submit by brief or letter any grounds for an appeal, or contentions or arguments he wished this court to consider. To date, however, we have not received a response. Although defendant did not file a supplemental letter brief, we follow the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), rather than those in *Serrano*.

## DISCUSSION

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities, and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.